Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1174 | **DATE** | 3/15/2000 |
| **CASE TITLE** | R.J. Reynolds Tobacco vs. Premium Tobacco Stores | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/27/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We deny Plaintiffs' motion (Doc 59-1) to separate Cigarettes Cheaper!'s antitrust counterclaim from Plaintiffs' trademark infringement claims. Defendant CanStar (U.S.A.), Inc.'s motion to compel plaintiffs to produce documents and answer interrogatories to be referred to Magistrate Judge Levin for resolution. Discovery cut-off date is hereby extended to April 27, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 16 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 72 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAR 16 2000 | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.J. REYNOLDS TOBACCO COMPANY, and GMB, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| PREMIUM TOBACCO STORES, INC., d/b/a Cigarettes Cheaper; C.E.I. INTERNATIONAL, INC., d/b/a CROWN ENERGY, INC.; CANSTAR (U.S.A.) INC., d/b/a CEI Distributors Tobacco Division; GENOVA TRADING, INC.; VARIOUS JOHN DOE DISTRIBUTORS; and VARIOUS JOHN DOE RETAILERS, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |
| CIGARETTES CHEAPER! formerly known as PREMIUM TOBACCO STORES, INC., | ) ) ) ) |
| Counter-Plaintiff, | ) ) ) |
| vs. | ) ) |
| R.J. REYNOLDS TOBACCO COMPANY, | ) ) ) |
| Counter-Defendants. | ) |

99 C 1174

DOCKETED MAR 16 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the motion of Plaintiffs/Counterdefendant R.J. Reynolds Tobacco Company, and GMB, Inc. ("Plaintiffs") to separate the antitrust counterclaim of Defendant/Counterplaintiff Cigarettes Cheaper!, formerly known as Premium Tobacco Stores, Inc. ("Cheaper"), from Plaintiffs' trademark infringement claims. For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiffs produce two versions of its Winston and Camel products; one intended for consumption within the United States, the other for international consumption ("For Export Only,"), which is shipped to countries outside of the United States. The two types have the same brand name, but differ in nearly every other aspect (formulation, content, tobacco blends, ingredients, flavor profiles, promotional awards, advertising programs, warranties, post-manufacture quality control procedures, and packaging).

Defendants' Cigarettes Cheaper!, formerly known as Premium Tobacco Stores, Inc., C.E.I International, Inc., Genova Trading, Inc. ("Genova") (collectively "Defendants") are entities that sell or distribute For Expert Only cigarettes in the U.S. market against the wishes of the Plaintiffs. Plaintiffs claim

that Defendants' practice weakens the Winston and Camel brands and confuses consumers who believe they are buying the domestic version of the cigarettes.

On February 23, 1999, Reynolds filed an eight-count complaint. Count I alleges trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Count II asserts federal unfair competition under Section 43(A) of the Lanham Act, 115 U.S.C § 1125(a). Count III asserts unfair competition/improper importation of products under Section 43(B) of the Lanham Act, 15 U.S.C. § 1125(b). Count IV asserts improper importation of goods bearing infringing trademarks in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124. Count V alleges trademark dilution in violation of Section 43(C) of the Lanham Act, 15 U.S.C. § 1125(c). Count VI alleges violation of the Illinois Uniform and Deceptive Trade Practices Act, 815 ILCS 510/1, et seq. Count VII alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. Count VIII alleges common law unfair competition. Reynolds seeks injunctive relief; monetary damages, including treble damages; and attorneys fees.

Defendant/Counterplaintiff Cigarettes Cheaper!, formerly known as Premium Tobacco Stores, Inc. ("Cheaper") filed its second amended counterclaim against RJR for RJR's alleged antitrust violations on January 6, 2000. Cheaper's counterclaim

is grounded in RJR's practice of excluding it from various retail promotional programs offered by RJR to other cigarette retailers.

Plaintiffs now seek to separate their trademark infringement claims from Cheaper's antitrust counterclaim so that the trademark case may proceed to trial upon completion of the discovery pertaining to its issues, independent of the status of Cheaper's anti-trust counterclaim.

## DISCUSSION

Plaintiffs argue that their trademark infringement claims should be severed from Cheaper's antitrust counterclaim under Rule 42(b), which provides that "the Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third party claim." The advisory committee's notes to Rule 42(b) state that "while separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth." Fed. R. Civ Proc. 42(b) advisory committee notes. Plaintiffs do not point to any portion of Rule 42 authorizing the bifurcation of claims for discovery purposes.

Given the early stage of this litigation, we believe that it is premature to entertain a request to bifurcate the issues into two separate trials. Indeed, "a motion for a separate trial under Rule 42(b) is best explored at the stage of the pretrial conference, when the trial issues will have been clarified by discovery and the resolution of various other pretrial motions." Thomas v. Drochner, 1990 WL 77841 (N.D. Ill. May 18, 1990). The discovery process has just begun. The issues have not been narrowed, and there is no record upon which we can determine whether it is expedient or economical to separately try the issues. Should one of the parties develop a basis for cleaving the trademark claims from the antitrust counterclaim, we will entertain it at a later date, but not at the inception of discovery. See Union Carbide Corp. v. Ever-Ready Inc., 531 F.2d 366, 370 (7th Cir. 1976) (District Court severed antitrust issues from trademark issues for separate trials after discovery was complete).

Plaintiffs argue we should separate their trademark infringement actions from the antitrust counterclaim of Cheaper now, because (1) separation of the issues would promote convenience since the trademark and antitrust claims involve different facts, trial proofs, and legal issues; (2) the delay created by keeping Cheaper's antitrust counterclaim on the same track as Plaintiffs' trademark claims

would prejudice Plaintiffs; and (3) the Parties are already proceeding with discovery on separate tracks, and separation would continue this expeditious and economical course.

Genova opposes separating discovery because it is premature and there is a factual overlap between the two claims. Cheaper agrees that the claims are intertwined, and also argues that the discovery for the trademark claims will necessarily overlap with the discovery for the antitrust counterclaim. Cheaper also claims that discovery for the trademark claims is not as far along as Plaintiffs argue, noting that Plaintiffs just responded to Defendants' written discovery requests within the last few weeks.

Were this an industry-wide antitrust claim involving multiple plaintiffs in scattered forums throughout the country, it would give us pause. However, given the apparent straight-forward and relatively uncomplicated nature of Cheaper's antitrust counterclaim, we decline to create a scenario fraught with the potential for duplicative discovery, which would not only be cost ineffective but would also waste much time. With this in mind, we cannot sanction the separation of this case into two separate discovery schedules and processes.

We also believe that discovery for the trademark claims is not so advanced to warrant severing it from discovery for the antitrust counterclaim. As Cheaper and Genova point out, Plaintiffs have just recently responded to Defendants' discovery requests. Any delay to Plaintiffs is minimal. Once written discovery has concluded for the antitrust claim the parties can easily shift into depositions of individuals with dual knowledge of the two claims, following any discovery previously conducted on the trademark claims.

## CONCLUSION

For the reasons set forth above, we deny Plaintiffs' motion to separate Cigarettes Cheaper!'s antitrust counterclaim from Plaintiffs' trademark infringement claims.

Charles P. Kocoras
United States District Judge

Dated: _____March 15, 2000_____