Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1174 | **DATE** | 12/6/2001 |
| **CASE TITLE** | RJ Reynolds Tobacco Co et al vs. Premium Tobacco Stores, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The objections of Cigarettes Cheaper! to the October 16, 2001 order of Magistrate Judge Brown are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 7 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 253 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 01 DEC -6 PM 3:36 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
DEC 7 - 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.J. REYNOLDS TOBACCO COMPANY and GMB, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PREMIUM TOBACCO STORES, INC., d/b/a Cigarettes Cheaper; C.E.I. INTERNATIONAL, INC., d/b/a Crown Energy, Inc.; CANSTAR (U.S.A.) INC., d/b/a CEI Distributors Tobacco Division; GENOVA TRADING, INC.; VARIOUS JOHN DOE DISTRIBUTORS; and VARIOUS JOHN DOE RETAILERS, <br><br> Defendants. <br><br> CIGARETTES CHEAPER!, formerly known as PREMIUM TOBACCO STORES, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> R.J. REYNOLDS TOBACCO COMPANY, <br><br> Counter-Defendant. | DEC 7 2001 <br><br> 99 C 1174 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

253

This matter comes before the court on the objections of Defendant Cigarettes Cheaper! to Magistrate Judge Geraldine Brown's October 16, 2001 order concluding that a document produced in discovery was privileged and compelling its return to Plaintiff R. J. Reynolds Tobacco ("RJR"). For the reasons set forth below, we deny these objections.

## BACKGROUND

The magistrate's order sets forth both the factual and procedural background of this case, which we restate only in part here. This case concerns issues of trademark, unfair competition, and antitrust. As noted in the October order, it involves extensive discovery, including hundreds of thousands of documents comprising millions of pages, numerous interrogatories, and scores of depositions. Approximately 750,000 of these pages are documents originally produced in another lawsuit between RJR and Philip Morris requested by CC in the instant litigation. A single page of handwritten notes, buried within a 207-page document, forms the basis of CC's objections. The notes were written in 1996 by Michael Buckler, RJR's former National Manager of Trade Marketing, before and during a meeting with Michael Johnson, one of RJR's senior in-house attorneys.

RJR first became aware that CC had the page of notes during the deposition of Barbara Simkins, who did not recognize the handwriting and could not identify the

document or its contents. At that time, RJR attorneys indicated that the document may be protected by privilege and that they suspected it had been inadvertently produced. Counsel for CC declined to return the document at that time, demanding proof from RJR that the document was indeed privileged. The document surfaced at two more depositions; the second deponent was Michael Buckler, who identified the handwriting as his. Once Buckler recognized the note, RJR's counsel allowed questions only regarding the preparation of the document, not its substance.

After Buckler's initial deposition, RJR again requested the note. CC, still asserting that the document was not privileged, refused, prompting RJR to file a motion to compel its return. Magistrate Brown, in her October 16 order, granted that motion. CC has filed objections to that order pursuant to Federal Rule of Civil Procedure 72(a).

## LEGAL STANDARD

Rule 72(a) precludes reversal of a magistrate judge's ruling on a nondispositive matter, such as a routine discovery motion, unless the order is "clearly erroneous or contrary to law." An order is clearly erroneous under this standard only if the district court, upon review, has a firm and definite conviction that the magistrate has made a mistake. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Phillips v. United States, 792 F.2d 639, 644 (7th Cir. 1986).

## DISCUSSION

To begin, we note that we referred this case to the magistrate over a year before she handed down the ruling to which CC objects. During that time, she met with the parties to discuss the progress of the case over 20 times and rendered several orders and rulings. We have no doubt of her familiarity with the case and thorough knowledge of the situation at hand.

In the ruling in question, Magistrate Brown addressed two issues: the privilege status of Buckler's notes and a motion to strike Buckler's declaration given subsequent to RJR's initial objection to CC's possession and use of the notes. CC has objected only to the magistrate's conclusions as to whether Buckler's notes is privileged. We similarly limit our consideration.

Communications between clients and their attorneys, whether oral or written, are protected from compelled disclosure by attorney-client privilege. A communication falls under the aegis of the privilege if the client, in confidence, seeks legal advice of any kind from a professional legal adviser acting within that capacity. U.S. v. White, 950 F.2d 426, 430 (7th Cir. 1990). The magistrate found that Buckler's notes were composed in preparation for and during a consultation with an RJR attorney concerning proposed contracts. After reviewing the notes and Buckler's subsequent deposition and declaration, we are unconvinced that her conclusion was erroneous. As the magistrate

observed, discussions of contractual terms are quintessential examples of protected communications between attorneys and their clients. Order, at 9. We therefore agree with Magistrate Brown's conclusion that RJR, as the party asserting the privilege, has carried the burden of showing Buckler's notes are protected. White, 950 F.2d at 430.

Attorney-client privilege is not an absolute, eternal shield; a client who does not safeguard the confidentiality of communications that would otherwise be protected waives the privilege and subjects the communications to compelled disclosure. Id. CC claims that RJR waived the privilege that attached to Buckler's notes at a 1996 meeting of RJR's national sales force when they allege Buckler divulged the contents of the note and in discovery production for this and the Philip Morris suits. Their objection to the magistrate's resolution of this issue rests on their contention that she improperly gave them the burden of showing waiver, rather than requiring RJR to show that they have not waived the privilege. Because the absence of waiver is one of the essential elements of a successful assertion of privilege, CC is correct that RJR must show that they did not waive any privilege that attached to Buckler's notes when they were first written. Id.

After determining that a document is privileged, we must examine whether the privilege has been waived through disclosure to third parties. Sanner v. Bd. of Trade of the City of Chicago, 181 F.R.D. 374, 378 (N.D. Ill. 1998). Disclosure can be knowing

or inadvertent. Dellwood Farms, Inc., v. Cargill, Inc., 128 F.3d 1122, 1126-27 (7th Cir. 1997). The analysis for determining whether the disclosure will result in a loss of the privilege differs depending on the type of disclosure. Id.

We do not agree with CC's assertion that the magistrate, in finding that the privilege was intact, has "given RJR a pass" with regard to any of the purported waivers. Rather, the magistrate accepted Buckler's declaration that he neither disclosed the contents of his note to the sales field nor any of Johnson's legal advice concerning the note. Order, at 14. CC presented no evidence to contradict Buckler's testimony or the logical conclusion that Buckler did not waive the privilege at the 1996 sales meeting. We do not think it clearly erroneous that the magistrate found that RJR's uncontradicted evidence carried its burden of showing nonwaiver.

With regard to the discovery production, Magistrate Brown carefully applied the balancing test embraced by many courts in this district to determine the proper consequences of RJR's inadvertent disclosure of Buckler's note. The test includes five factors: (1) the reasonableness of the precautions against disclosure, (2) time taken to correct the mistaken disclosure once it is discovered, (3) the overall scope of discovery for the case, (4) the extent of disclosure involved, and (5) fairness. Tokar v. City of Chicago, 1999 WL 138814, *2 (N.D. Ill. 1999); Sanner, 181 F.R.D. at 378, n.7 (collecting cases employing the balancing test). We agree with the magistrate that the

most significant factor in this case is the scope of discovery, which by any measure is staggering. We similarly find nothing clearly erroneous in her conclusion that other four factors also tip in RJR's favor. The inadvertent disclosure in this case does not amount to waiver of the attorney-client privilege.

In addition, we note that this result is further supported by the method laid out by the Seventh Circuit in Dellwood Farms. See also International Oil, Chemical, & Atomic Workers v. Uno-Ven Co., 170 F.3d 779, 784 (7th Cir. 1999). According to that case, inadvertent disclosure can, but will not always, justify the same harsh effect as intentional waiver. See Dellwood Farms, 128 F.3d at 1126-28. Inadvertent disclosure by its nature means that a party mistakenly divulged information it intended to remain secret. See id. When this behavior is equated to waiver, "the deliberate relinquishment of a right," the result imposed is a type of punishment for a careless mistake. Id. Although such punishment can be warranted in appropriate cases, the severity of the punishment should be proportionate to its gravity. See id. In the instant case, the gravity of the mistake, having one page of 750,000 slip through the cracks of a privilege review, is not enough to justify a punishment as severe as the one sought by CC in this case. Cf. Sanner, 181 F.R.D. at 379 (finding inadvertent disclosure of certain privileged documents was not waiver when 22,500 documents were presented for review); Harmony Gold U.S.A., Inc., v. FASA Corp., 169 F.R.D. 113, 116 (N.D. Ill. 1996)

(finding inadvertence when two documents of 25,000 pages of documents were mistakenly released).

In light of the foregoing discussion, we are not left with firm, definite conviction that Magistrate Brown was clearly mistaken in her decisions regarding the privileged status of Buckler's notes and the asserted waiver of that privilege. Accordingly, the objections raised by CC are denied.

## CONCLUSION

The objections of Cigarettes Cheaper! to the October 16, 2001, order of Magistrate Judge Brown are denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:   December 6, 2001